IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-cr-49-BO-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CLINTON LEVONDUS SPENCER | ) | |

This cause comes before the Court on defendant's motion for compassionate release. The government has responded in opposition and the matter is ripe for ruling. For the reasons that follow, defendant's motion is granted.

## BACKGROUND

On January 2, 2013, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base and a quantity of cocaine. The Court sentenced defendant to 188 months' imprisonment. This sentence was subsequently reduced to 151 months pursuant to retroactive amendments to the guidelines. Defendant is currently scheduled for release on October 2, 2021.

Defendant is 45 years old and has been diagnosed with type 2 diabetes, hypertension, and high cholesterol. In his motion, defendant argues that in light of his health conditions, the COVID-19 pandemic—and its prevalence in BOP facilities—puts his life in serious jeopardy and that this qualifies as an extraordinary and compelling reason warranting relief under 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a

modification in his sentence due to certain age, health, or family circumstance factors, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling reasons warrant a reduction in the sentence or (2) a defendant who is serving a sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

The Guidelines provide three categories of circumstances that are extraordinary and compelling. U.S.S.G. § 1B1.13, comment. n.1. The first concerns the medical condition of the defendant (section A), the second concerns the age of the defendant (section B), and the third concerns the family circumstances of the defendant (section C). There is also a fourth category, a catchall provision, which permits the Director of the Bureau of Prisons to identify other extraordinary circumstances that are not set out by the Guidelines (section D). U.S.S.G. § 1B1.13 comment. n.1(A)–(D). This Court is in agreement with the other courts that have decided that judges have discretion to afford relief to defendants under § 3582(c)(1)(A) even where

---

[1] Pub. L. 115-391, 132 Stat. 5194.

circumstances do not fit squarely within the current policy statement of the Sentencing Commission as reflected in U.S.S.G. § 1B1.13. *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *4 (D. Utah Feb. 18, 2020) (listing cases holding same). While the applicable policy statement "provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction." *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019).

Finally, when assessing a request for compassionate release, a court must also consider the 18 U.S.C. § 3553(a) factors and determine whether the defendant is a danger to the safety of another person or the community.

To start,[2] the parties agree that defendant's Type 2 diabetes, in conjunction with the COVID-19 pandemic, creates an extraordinary and compelling reason under § 3582(c)(1)(A)(i). Specifically, defendant's medical condition presents "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). The Court finds that defendant's health issues, in light of the COVID-19 pandemic, rise to the level of extraordinary and compelling circumstances.

Because defendant has demonstrated extraordinary and compelling circumstances, the Court must consider the 18 U.S.C. § 3553(a) factors and well as defendant's dangerousness to another person or the community if released. First, defendant was held responsible for a large amount of cocaine base. For this conduct, he received a serious sentence—188 months. This was reduced pursuant to the 2014 amendments to the drug quantity tables. Defendant has been in

---

[2] The government does not argue that defendant failed to exhaust his remedies with the Bureau of Prisons. Accordingly, the Court goes right to the merits of the motion. *United States v. Haney*, No. 19-CR-541, 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020) (holding that 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is nonjurisdictional).

3

Case 2:11-cr-00049-BO   Document 128   Filed 07/31/20   Page 3 of 4

federal custody since his arrest on January 12, 2012. He had accrued only 2 criminal history points prior to the instant offense. And he has just over one year remaining on his term of imprisonment. Accordingly, the Court concludes that the more than 8 years in custody are sufficient to provide for just punishment, promote respect for the law, and deter this defendant and others from engaging in similar behavior.

Finally, the Court finds that considering his age, criminal history, and upcoming supervised release term, defendant would not be a danger to another or the community if released.

Based on the foregoing, defendant has demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence and that a sentence reduction otherwise comports with the applicable statutory and policy requirements.

## CONCLUSION

The motion for compassionate release [DE 118] is GRANTED. Defendant's term of imprisonment is REDUCED to TIME SERVED. All other terms and conditions of the judgment remain in full force and effect. The motion to seal [DE 125] is also GRANTED.

SO ORDERED, this _30_ day of July, 2020.

_Terrence Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

4